# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF TEXAS

# HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **VS.** | § | **CRIM. NO. H-09-336-2** |
| | § | |
| **MICHAEL SWETNAM** | § | |

## GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO REFORM RESTITUTION ORDER

COMES NOW, the United States of America, by and through Kenneth Magidson, United States Attorney, and James R. Buchanan, Assistant United States Attorney for the Southern District of Texas, and files its response in OPPOSITION to Defendant's Motion to Reform Restitution Order. The United States opposes the request because a civil settlement cannot be used to cap the amount of restitution ordered by a court to be paid by a defendant as part of his sentence.

## I.

Restitution is calculated "in the full amount of each victim's losses as determined by the court" without regard to a defendant's economic circumstance or to compensation a victim may receive from insurance or another source. 18 U.S.C. § 3664(f). The Government has the burden of demonstrating the victim's losses,

1

while the defendant has the burden of showing his resources and financial

dependants. 18 U.S.C. § 3664(e).

II.

The district court has the discretion to impose restitution even if the victim

releases the defendant from liability in a civil settlement.  *United States v.*

*Sheinbaum*, 136 F.3d 443, 449 (5th Cir. 1998).  Restitution is not merely a

compensatory device; "the decision to impose restitution generally does not turn on

the victim's injury, but on the penal goals of the State and the situation of the

defendant."  *Sheinbaum*, 136 F.3d at 448 (quoting *Kelly v. Robinson*, 474 U.S. 36,

52 (1986)).  A defendant cannot use a civil settlement with the victim to "erase" his

restitution.  *United States v. Bearden*, 274 F.3d. 1031, 1041 (6th Cir. 2001).  A

civil settlement is neither a substitute for restitution[1] nor a "cap [on] the amount of

restitution" because defendants may not privately settle with victims to escape

criminal liability. *United States v. Savoie*, 985 F. 2d 612, 619 (1st Cir. 1993)("the

law will not tolerate privately negotiated end runs around the criminal justice

system").

---

[1] This is not a situation where a government entity involved in prosecuting the criminal case previously negotiated a mutual release in a parallel civil action and that government entity is foreclosed from seeking restitution.  *United States v. Coleman*, 997 F.2d 1101, 1106-07 (5th Cir. 1993).  The liability release executed between victim Valley Baptist Health System and Defendant Swetnam has no effect on the ability of the government to seek restitution because the civil settlement in this case was negotiated without any government involvement.

III.

A restitution order can, however, be offset by compensatory damages from a civil settlement:

> Any amount paid to a victim under an order of restitution shall be reduced by any amount later recovered as compensatory damages for the same loss by the victim in (A) any Federal civil proceeding; and (B) any State civil proceeding, to the extent provided by the law of the State.[2]

18 U.S.C. § 3664(j)(2).  **An offset to restitution prevents "double-counting" but does not reduce the overall amount that the defendant must pay to the victim.** *Sheinbaum*, 136 F.3d at 447.  The defendant has the burden of demonstrating the amount of any offset.  *United States v. Calbat*, 266 F.3d 358, 365 (5th Cir. 2001) (citing *Sheinbaum,* 136 F.3d at 449).  The defendant must show "what payment was made in the settlement, whether the claims settled involved the same acts of the defendants as those that are predicates of their criminal convictions, and whether the payment satisfies the penal purposes the district court sought to impose."  *United States v. Rico Industries, Inc.*, 845 F.2d 710, 715 (5th Cir. 1988).  A court should look to the "rehabilitative and retributive function of the criminal law served by restitution" and the "penal purposes . . . imposed" by the original restitution order when deciding whether an offset is appropriate in a particular

---

[2]  Texas law states that criminal restitution should be offset by "any amount previously paid to the victim by the person under an order of restitution" in a federal or state civil proceeding. Tex. Code Crim. Proc. Ann. art. 42.037.

case. *Sheinbaum*, 136 F.3d at 449.

In *United States v. Sheinbaum*, the Fifth Circuit, while recognizing that criminal restitution should be offset by the amount the victim received in a civil settlement, found that the full restitution order was valid because the liability release between the defendant and the victim did not state how much the victim received in compensation and the defendants failed to offer any evidence to show the value of the compensation they provided to the victim. *Sheinbaum,* 136 F.3d at 449. Because the defendants did not meet their burden of proof under 18 U.S.C. 3664(e), they "waived their offset claim, [and] [t]he district court was entitled to order . . . them to pay as restitution to the victim the entire amount of loss." *Id*.

IV.

Defendant Swetnam requests that the district court modify the criminal restitution to reflect the civil settlement amount of $1,313,798.72. (Doc. 201, pp. 1, 5). A court may credit the restitution amount by a payment to a victim under a civil settlement. The burden of proof for an offset of the restitution falls on Defendant. *Sheinbaum,* 136 F.3d at 449. Unlike in *Sheinbaum*, Defendant has provided the court with a copy of the agreed final judgment of the civil case, and the settlement was obtained for an actual dollar amount. *Id*. However, Defendant has not provided the court with the full terms of the settlement. Defendant has also failed to show any evidence of any payment made in settlement, whether the

4

claims involved were the same as those in his criminal conviction, and whether the payment in civil settlement satisfies penal purposes of restitution. *Calbat*, 266 F.3d at 365; *Rico Industries*, 845 F.2d at 715. A civil settlement cannot be used, however, as a cap on the amount of payments that the Defendant owes under the restitution order. *Savoie*, 985 F. 2d at 619.

V.

Courts have refused to allow a civil settlement that is less than the full value of the restitution to satisfy the full amount imposed by the criminal court. *F.D.I.C. v. Dover*, 453 F.3d 710, 717 (6th Cir. 2006)*; Bearden*, 274 F.3d. at 1041. Defendant Swetnam appears to want to reduce the restitution that was ordered by this Court from $2,950,301.00 to $1,313,798.72. This is not offsetting his restitution to prevent double-counting, but a blatant attempt to cap the amount of restitution ordered by this Court and owed by the Defendant via a privately negotiated "end run." The compensation decided privately between Defendant and Valley Baptist Health System should not be considered to determine the amount of restitution. 18 U.S.C. § 3664(f)(1)(B). A defendant also cannot use the civil settlement amount to reduce the overall amount of compensation owed under his restitution. *Savoie*, 985 F. 2d at 619; *Bearden*, 274 F.3d. at 1041. If Defendant meets his burden of proof for an offset, (i.e., evidence of payment made, that the claims involved in the civil settlement were the same as those in his criminal

5

conviction, and that the payment of the civil settlement satisfies the penal purposes of restitution) the Court may allow an offset in the amount actually paid, but the Court should not reduce the overall restitution order as requested by the Defendant.

Respectfully submitted,

KENNETH MAGIDSON
United States Attorney

/s/ James R. Buchanan
BY:   James R. Buchanan
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Government's Response to Defendant's Motion to Reform Restitution Order was delivered via ECF notification and was mailed, return receipt requested, to the defendant's attorney on June 18, 2012.

/s/ James R. Buchanan
James R. Buchanan
Assistant United States Attorney